**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRETT WEINSTEIN** <br><br> *and* <br><br> **CELINE WEINSTEIN** <br> 1142 Thomas Road <br> Wayne, PA 19087 <br> <div align="right">*Plaintiffs*,</div> <br> **v.** <br><br> **ADVANTAGE CONCRETE SERVICES, LLC** <br> 725 Beaver Ruin Road NW, Suite B <br> Lilburn, GA 30047 <br><br> *and* <br><br> **KENDALL MONROE** <br> 4271 Woodward Mill Road, Unit 7203 <br> Sugar Hill, GA 30518 <br> <div align="right">*Defendants.*</div> | **NO. 2:25-cv-7425** <br><br> **JURY TRIAL DEMANDED** |

<u>**CIVIL ACTION COMPLAINT**</u>

**AND NOW COMES** the Plaintiffs, Brett Weinstein and Celine Weinstein, by and through their counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complain against the above-named Defendants, and in support thereof aver the following:

<u>**PARTIES**</u>

1. Plaintiff, Brett Weinstein, is an adult individual who resides at the above-captioned address.

2. Plaintiff, Celine Weinstein, is an adult individual who resides at the above-captioned address.

3. For jurisdictional purposes, Plaintiffs are citizens of the Commonwealth of Pennsylvania.

4.      Defendant Kendall Monroe is an adult individual who resides at the above-captioned address.

5.      For jurisdictional purposes, Defendant Monroe is a citizen of the state of Georgia.

6.      At all times relevant hereto, Defendant Monroe was acting within the course and scope of his employment with Advantage Concrete Services, LLC, in the furtherance of the business interests and objectives of Advantage Concrete Services, LLC, and with the actual and/or implied authority of Advantage Concrete Services, LLC.

7.      Defendant Advantage Concrete Services, LLC is a limited liability company organized and existing under the laws of the state of Georgia with a registered address and/or principal place of business located at the above-captioned address.

8.      For jurisdictional purposes, Defendant Advantage Concrete Services, LLC is a citizen of the state of Georgia.

9.      At all relevant times, Defendants were subject to and bound by the Federal Motor Carrier Safety Regulations ("FMCSRs").

10.     Defendant Advantage Concrete Services LLC, has a Department of Transportation Number (4149110).

11.     Defendant Advantage Concrete Services, LLC in order to obtain a DOT number, were required to submit Form OP-1 to the Federal Motor Carrier Safety Administration.

12.     This form contains a certification that that the company has access to and is familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that the company will comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

13.     Form OP-1, more specifically, contains a "Safety Certification," certifying, under penalty of perjury, to the FMCSA that, at a minimum, Advantage Concrete Services, LLC:

a.  Had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

b.  Can produce a copy of the FMCSRs;

c.  Had and will have in place a driver safety training/orientation program;

d.  Had and will have prepared and maintain an accident register;

e.  Is familiar with DOT regulations governing driver qualifications and had and will have in place a system for overseeing driver qualification requirements;

f.  Had and will have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

g.  Is familiar with, and had and will have a system for complying with all USDOT regulations governing alcohol and controlled substance testing requirements; and

h.  Must comply with all pertinent Federal, State, local and tribunal statutory and regulatory requirements when operating within the United States.

14.     At all times material hereto, Defendant Monroe was employed and/or contracted to perform services for and was operating his commercial vehicle for Advantage Concrete Services LLC and under the USDOT operating authority of Advantage Concrete Services LLC and was subject to their supervision, control or right to control, such that Advantage Concrete Services LLC should be considered his actual and statutory employers and therefore, vicariously liable for Defendant Monroe's negligence and recklessness.

15.     Under 49 C.F.R. § 390.3(e)(1), "[e]very employer shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations."

16.     Under 49 C.F.R. § 390.3(e)(2), "[e]very driver and employee involved in motor carrier operations shall be instructed regarding, and shall comply with, all applicable regulations contained in [the FMCSRs.]"

17.     Under 49 C.F.R. § 391.11(b)(3), a driver is not qualified if he cannot "by reason of experience, training, or both, safely operate the type of commercial motor vehicle he drives."

18.     49 C.F.R. § 383 requires that operators of commercial vehicles must have the knowledge and skills necessary to operate a commercial motor vehicle safely.

19.     Under 49 C.F.R. § 390.11, whenever "a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition. If the motor carrier is a driver, the driver shall likewise be bound."

20.     Under 49 C.F.R. § 392.1, "[e]very motor carrier, its officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers, shall be instructed in and comply with the rules" in the FMCSRs.

## JURISDICTION AND VENUE

21.     The amount in controversy herein exceeds the sum or value of $150,000.00, exclusive of interests and costs.

22.     Accordingly, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

23. This matter arises out of a motor vehicle crash that occurred in King of Prussia, Montgomery County, Pennsylvania.

24. Accordingly, venue is properly laid in this Honorable Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

25. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

26. On July 25, 2025, at approximately 2pm, Plaintiffs were 202SB south in the middle travel lane approaching the intersection of Mall Boulevard in King of Prussia, PA.

27. At all times material hereto, Plaintiff Celine Weinstein was operating a silver 2025 Toyota Highlander bearing PA license plate number MXF5730.

28. At all times material hereto, Plaintiff Brett Weinstein was a passenger in the Volvo.

29. At the same time and place, Defendant Monroe was operating a 2019 Freightliner tractor bearing GA license plate number GFI952 towing a flatbed.

30. At all times material hereto, the Freightliner was owned, leased, assigned, and/or operated by Defendants Advantage Concrete Services LLC and was being operated and/or controlled by Defendant Monroe with the consent of Defendants Advantage Concrete Services LLC and for the financial benefit of Defendants Advantage Concrete Services LLC.

31. The GVWR of Defendant Monroe's vehicle was 80,000lbs.

32. Defendant Monroe was travelling behind Plaintiffs in the same direction of travel.

33. The light changed to green and Defendant Monroe accelerated his vehicle into the rear of Plaintiffs at a high rate of speed under the circumstances.

34. Defendant Monroe was distracted and/or fatigued.

35.     Upon information and belief, Defendant Monroe was distracted by his use of a cellular device.

36.     As a result of Defendants' negligence and recklessness, the force of the impact caused Plaintiffs to sustain serious and permanent injuries.

37.     At all relevant times hereto, the Plaintiffs acted in a safe, prudent and reasonable manner and in no way contributed to their injuries or damages.

**COUNT I**
**NEGLIGENCE / RECKLESSNESS**
**PLAINTIFF BRETT WEINSTEIN v. KENDALL MONROE**

38.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

39.     The negligence, carelessness and/or recklessness of Defendant Monroe, individually and as the agent, servant, worker and/or employee of Defendants Advantage Concrete Services LLC, consisted of, but is not limited to the following:

a.     Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the rear of Plaintiffs' vehicle;

b.     Failing to pay proper attention while operating his tractor-trailer;

c.     Failing to take proper precautions in the operation of his tractor-trailer so as to avoid the collision that occurred;

d.     Operating his tractor-trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

e.     Failing to have his tractor-trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

f.     Failing to remain alert;

g.     Traveling at an excessive rate of speed under the circumstances in violation of 49 C.F.R. § 392.2 and 75 Pa. Cons. Stat. § 3361.

h.     Failing to operate his tractor-trailer in accordance with the Federal Motor

Carrier Safety Regulations;

i.    Failing to make necessary and reasonable observations while operating his tractor-trailer;

j.    Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiffs' vehicle;

k.    Failing to timely and properly apply his brakes;

l.    Violating both the written and unwritten policies, rules, guidelines and regulations of Defendants Advantage Concrete Services LLC;

m.    Failing to apprise himself of and/or abide by the FMCSRs;

n.    Knowingly operating a commercial vehicle when he knew or should have known that he was not a qualified driver within the meaning of the FMCSRs;

o.    Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

p.    Failing to properly inspect his tractor-trailer in violation of the FMCSRs;

q.    Violations of 49 C.F.R. § 395 pertaining to hours of service;

r.    Striking Plaintiffs' vehicle as a result of being on the road for more than the regulated amount of hours in violation of the FMCSRs;

s.    Driving a commercial vehicle while distracted;

t.    Driving a commercial vehicle while distracted by the use of a cellular device;

u.    Consciously choosing to operate a commercial vehicle at an excessive speed for the traffic conditions then existing;

v.    Consciously choosing to use a cellular device while driving and subjecting himself to driving while distracted despite the obvious risks presented to the motoring public by driving an 80,000lb tractor-trailer in a distracted state;

w.    Consciously choosing to drive distracted while in a fatigued state knowing the increased risk of harm presented by combining these two dangerous behaviors;

x.     Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was met;

y.     Consciously choosing to continue driving despite realizing he was physically exhausted and about to fall asleep;

z.     Consciously choosing to drive at a high rate of speed for the traffic conditions then existing while fatigued despite knowing that he was creating an increased risk of crashing his tractor trailer; and

aa.     Acting with a conscious disregard for the rights and safety of the Plaintiff.

40.     As a direct and proximate cause of the negligence and/or recklessness of Defendant Monroe, Plaintiff Brett Weinstein suffered serious and permanent injuries which include, but are not limited to, lumbar spine injury.

41.     As a result of the aforesaid injuries, Plaintiff Brett Weinstein, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries.

42.     All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

43.     As a result of the aforesaid injuries, Plaintiff Brett Weinstein sustained a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period of time into the future.

44.     As a result of the aforesaid injuries, Plaintiff Brett Weinstein sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

45.     As a result of the aforesaid injuries, Plaintiff Brett Weinstein sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

46.     As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

**WHEREFORE**, Plaintiff Brett Weinstein, hereby seeks all damages allowed under the Laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Kendall Monroe, in an amount in excess of $150,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

### COUNT II
### NEGLIGENCE / RECKLESSNESS
### PLAINTIFF BRETT WEINSTEIN v. DEFENDANT ADVANTAGE CONCRETE SERVICES, LLC, as being vicariously liable for KENDALL MONROE

47.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

48.     The negligence, carelessness, and/or recklessness of Defendant Advantage Concrete Services LLC, as being vicariously liable for the actions of Defendant Monroe, consisted of, but is not limited to the following:

a.      Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the rear of Plaintiffs' vehicle;

b.      Failing to pay proper attention while operating his tractor-trailer;

c.      Failing to take proper precautions in the operation of his tractor-trailer so as to avoid the collision that occurred;

d.      Operating his tractor-trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

e.      Failing to have his tractor-trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

f.      Failing to remain alert;

g.      Traveling at an excessive rate of speed under the circumstances in violation

of 49 C.F.R. § 392.2 and 75 Pa. Cons. Stat. § 3361.

h.      Failing to operate his tractor-trailer in accordance with the Federal Motor Carrier Safety Regulations;

i.      Failing to make necessary and reasonable observations while operating his tractor-trailer;

j.      Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiffs' vehicle;

k.      Failing to timely and properly apply his brakes;

l.      Violating both the written and unwritten policies, rules, guidelines and regulations of Defendants Advantage Concrete Services LLC;

m.      Failing to apprise himself of and/or abide by the FMCSRs;

n.      Knowingly operating a commercial vehicle when he knew or should have known that he was not a qualified driver within the meaning of the FMCSRs;

o.      Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

p.      Failing to properly inspect his tractor-trailer in violation of the FMCSRs;

q.      Violations of 49 C.F.R. § 395 pertaining to hours of service;

r.      Striking Plaintiffs' vehicle as a result of being on the road for more than the regulated amount of hours in violation of the FMCSRs;

s.      Driving a commercial vehicle while distracted;

t.      Driving a commercial vehicle while distracted by the use of a cellular device;

u.      Consciously choosing to operate a commercial vehicle at an excessive speed for the traffic conditions then existing;

v.      Consciously choosing to use a cellular device while driving and subjecting himself to driving while distracted despite the obvious risks presented to the motoring public by driving an 80,000lb tractor-trailer in a distracted state;

w.      Consciously choosing to drive distracted while in a fatigued state knowing the increased risk of harm presented by combining these two dangerous

behaviors;

    x.     Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was met;

    y.     Consciously choosing to continue driving despite realizing he was physically exhausted and about to fall asleep;

    z.     Consciously choosing to drive at a high rate of speed for the traffic conditions then existing while fatigued despite knowing that he was creating an increased risk of crashing his tractor trailer; and

    aa.    Acting with a conscious disregard for the rights and safety of the Plaintiff.

49.    As a result of the above-stated acts and omissions, Plaintiff Brett Weinstein suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Brett Weinstein hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from Defendant Advantage Concrete Services LLC, as being vicariously liable for Defendant Monroe, in an amount in excess of $150,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

## COUNT III
## DIRECT NEGLIGENCE/ RECKLESSNESS
## PLAINTIFF BRETT WEINSTEIN v. DEFENDANT ADVANTAGE CONCRETE SERVICES, LLC

50.    The preceding paragraphs are incorporated herein by reference as though fully set forth herein

51.    Defendants Advantage Concrete Services LLC had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

52.    Plaintiff Brett Weinstein was injured as a result of an incident related to Defendant Monroe's driving, more specifically, Defendant's unsafe driving.

53. The negligence, carelessness and/or recklessness of Defendants Advantage Concrete Services LLC, individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant Monroe, consisted of, but is not limited to the following:

   a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant Monroe;

   b. Hiring and/or continuing to employ Defendant Monroe despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

   c. Hiring and/or continuing to employ Defendant Monroe despite the fact that he had a propensity for driving violations, regardless of whether Defendant Monroe was cited by law enforcement for such violations;

   d. Hiring and/or continuing to employ Defendant Monroe despite the fact that that he had a propensity for traffic violations and/or driving too fast for the conditions of the road;

   e. Hiring and/or continuing to employ Defendant Monroe despite his previous driving record;

   f. Failing to have an appropriate disciplinary policy within the company;

   g. Permitting Defendant Monroe to operate a CMV when it knew or should have known that he was not properly qualified and/or trained;

   h. Allowing Defendant Monroe to operate a tractor-trailer in its possession and/or control when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

   i. Failing to adopt appropriate employee manuals and/or training procedures;

   j. Failing to enforce both the written and unwritten policies of Defendants Advantage Concrete Services LLC;

   k. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Defendants Advantage Concrete Services LLC;

   l. Failing to implement and/or enforce an effective safety system;

m. Failing to properly equip their vehicles with an ELD system that was not likely to distract its drivers as a result of being improperly installed;

n. Failing to monitor and/or regulate its drivers' actions regarding traffic violations;

o. Failing to monitor and/or regulate its drivers' actions regarding hours-of-service violations;

p. Failing to monitor and/or regulate its drivers' actions regarding distracted driving incidents;

q. Failing to monitor and/or regulate its drivers' actions regarding the improper use of cellular devices while driving

r. Failing to remedy known violations of trucking industry safety standards;

s. Acting with a conscious disregard for the rights and safety of Plaintiffs

54. As a result of the above-stated acts and omissions, Plaintiff Brett Weinstein suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Brett Weinstein hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from Defendant Advantage Concrete Services LLC, in an amount in excess of $150,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT IV**
**NEGLIGENCE / RECKLESSNESS**
**PLAINTIFF CELINE WEINSTEIN v. KENDALL MONROE**

55. The preceding paragraphs are incorporated herein by reference as though fully set forth.

56. The negligence, carelessness and/or recklessness of Defendant Monroe, individually and as the agent, servant, worker and/or employee of Defendants Advantage Concrete Services LLC, consisted of, but is not limited to the following:

a.   Failing to maintain proper and adequate control of his tractor-trailer so as to avoid crashing into the rear of Plaintiffs' vehicle;

b.   Failing to pay proper attention while operating his tractor-trailer;

c.   Failing to take proper precautions in the operation of his tractor-trailer so as to avoid the collision that occurred;

d.   Operating his tractor-trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

e.   Failing to have his tractor-trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

f.   Failing to remain alert;

g.   Traveling at an excessive rate of speed under the circumstances in violation of 49 C.F.R. § 392.2 and 75 Pa. Cons. Stat. § 3361.

h.   Failing to operate his tractor-trailer in accordance with the Federal Motor Carrier Safety Regulations;

i.   Failing to make necessary and reasonable observations while operating his tractor-trailer;

j.   Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiffs' vehicle;

k.   Failing to timely and properly apply his brakes;

l.   Violating both the written and unwritten policies, rules, guidelines and regulations of Defendants Advantage Concrete Services LLC;

m.   Failing to apprise himself of and/or abide by the FMCSRs;

n.   Knowingly operating a commercial vehicle when he knew or should have known that he was not a qualified driver within the meaning of the FMCSRs;

o.   Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

p.   Failing to properly inspect his tractor-trailer in violation of the FMCSRs;

q.   Violations of 49 C.F.R.§ 395 pertaining to hours of service;

r.   Striking Plaintiffs' vehicle as a result of being on the road for more than the regulated amount of hours in violation of the FMCSRs;

s.   Driving a commercial vehicle while distracted;

t.   Driving a commercial vehicle while distracted by the use of a cellular device;

u.   Consciously choosing to operate a commercial vehicle at an excessive speed for the traffic conditions then existing;

v.   Consciously choosing to use a cellular device while driving and subjecting himself to driving while distracted despite the obvious risks presented to the motoring public by driving an 80,000lb tractor-trailer in a distracted state;

w.   Consciously choosing to drive distracted while in a fatigued state knowing the increased risk of harm presented by combining these two dangerous behaviors;

x.   Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was met;

y.   Consciously choosing to continue driving despite realizing he was physically exhausted and about to fall asleep;

z.   Consciously choosing to drive at a high rate of speed for the traffic conditions then existing while fatigued despite knowing that he was creating an increased risk of crashing his tractor trailer; and

aa.   Acting with a conscious disregard for the rights and safety of the Plaintiff.

57.   As a direct and proximate cause of the negligence and/or recklessness of Defendant Monroe, Plaintiff Celine Weinstein suffered serious and permanent injuries which include, but are not limited to, cervical spine injury and lumbar spine injury.

58.   As a result of the aforesaid injuries, Plaintiff Celine Weinstein, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries.

59.     All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

60.     As a result of the aforesaid injuries, Plaintiff Celine Weinstein sustained a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period of time into the future.

61.     As a result of the aforesaid injuries, Plaintiff Celine Weinstein sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

62.     As a result of the aforesaid injuries, Plaintiff Celine Weinstein sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

63.     As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

**WHEREFORE**, Plaintiff Celine Weinstein, hereby seeks all damages allowed under the Laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Kendall Monroe, in an amount in excess of $150,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

<div align="center">

**COUNT V**
**NEGLIGENCE / RECKLESSNESS**
**PLAINTIFF CELINE WEINSTEIN v. DEFENDANT ADVANTAGE CONCRETE**
**SERVICES, LLC as being vicariously liable for KENDALL MONROE**

</div>

64.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

65.     The negligence, carelessness, and/or recklessness of Defendant Advantage Concrete Services LLC, as being vicariously liable for the actions of Defendant Monroe, consisted of, but is not limited to the following:

a.      Failing to maintain proper and adequate control of his tractor-trailer so as to avoid crashing into the rear of Plaintiffs' vehicle;

b.      Failing to pay proper attention while operating his tractor-trailer;

c.      Failing to take proper precautions in the operation of his tractor-trailer so as to avoid the collision that occurred;

d.      Operating his tractor-trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

e.      Failing to have his tractor-trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

f.      Failing to remain alert;

g.      Traveling at an excessive rate of speed under the circumstances in violation of 49 C.F.R. § 392.2 and 75 Pa. Cons. Stat. § 3361.

h.      Failing to operate his tractor-trailer in accordance with the Federal Motor Carrier Safety Regulations;

i.      Failing to make necessary and reasonable observations while operating his tractor-trailer;

j.      Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiffs' vehicle;

k.      Failing to timely and properly apply his brakes;

l.      Violating both the written and unwritten policies, rules, guidelines and regulations of Defendants Advantage Concrete Services LLC;

m.      Failing to apprise himself of and/or abide by the FMCSRs;

n.      Knowingly operating a commercial vehicle when he knew or should have known that he was not a qualified driver within the meaning of the FMCSRs;

o.  Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

p.  Failing to properly inspect his tractor-trailer in violation of the FMCSRs;

q.  Violations of 49 C.F.R.§ 395 pertaining to hours of service;

r.  Striking Plaintiffs' vehicle as a result of being on the road for more than the regulated amount of hours in violation of the FMCSRs;

s.  Driving a commercial vehicle while distracted;

t.  Driving a commercial vehicle while distracted by the use of a cellular device;

u.  Consciously choosing to operate a commercial vehicle at an excessive speed for the traffic conditions then existing;

v.  Consciously choosing to use a cellular device while driving and subjecting himself to driving while distracted despite the obvious risks presented to the motoring public by driving an 80,000lb tractor-trailer in a distracted state;

w.  Consciously choosing to drive distracted while in a fatigued state knowing the increased risk of harm presented by combining these two dangerous behaviors;

x.  Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was met;

y.  Consciously choosing to continue driving despite realizing he was physically exhausted and about to fall asleep;

z.  Consciously choosing to drive at a high rate of speed for the traffic conditions then existing while fatigued despite knowing that he was creating an increased risk of crashing his tractor trailer; and

aa.  Acting with a conscious disregard for the rights and safety of the Plaintiff.

66.  As a result of the above-stated acts and omissions, Plaintiff Celine Weinstein suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Celine Weinstein hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from Advantage

Concrete Services LLC, as being vicariously liable for Defendant Monroe, in an amount in excess of $150,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT VI**
**DIRECT NEGLIGENCE/ RECKLESSNESS**
**PLAINTIFF CELINE WEINSTEIN v. DEFENDANT ADVANTAGE CONCRETE SERVICES, LLC**

67.     The preceding paragraphs are incorporated herein by reference as though fully set forth herein

68.     Defendants Advantage Concrete Services LLC had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

69.     Plaintiff Celine Weinstein was injured as a result of an incident related to Defendant Monroe's driving, more specifically, Defendant's unsafe driving.

70.     The negligence, carelessness and/or recklessness of Defendant Advantage Concrete Services LLC, individually and through its various employees, servants, agents and/or workers including, but not limited to, Defendant Monroe, consisted of, but is not limited to the following:

  a.  Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant Monroe;

  b.  Hiring and/or continuing to employ Defendant Monroe despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

  c.  Hiring and/or continuing to employ Defendant Monroe despite the fact that he had a propensity for driving violations, regardless of whether Defendant Monroe was cited by law enforcement for such violations;

  d.  Hiring and/or continuing to employ Defendant Monroe despite the fact that that he had a propensity for traffic violations and/or driving too fast for the conditions of the road;

  e.  Hiring and/or continuing to employ Defendant Monroe despite his previous driving record;

f.  Failing to have an appropriate disciplinary policy within the company;

g.  Permitting Defendant Monroe to operate a CMV when it knew or should have known that he was not properly qualified and/or trained;

h.  Allowing Defendant Monroe to operate a tractor-trailer in its possession and/or control when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

i.  Failing to adopt appropriate employee manuals and/or training procedures;

j.  Failing to enforce both the written and unwritten policies of Defendants Advantage Concrete Services LLC;

k.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Defendants Advantage Concrete Services LLC;

l.  Failing to implement and/or enforce an effective safety system;

m.  Failing to properly equip their vehicles with an ELD system that was not likely to distract its drivers as a result of being improperly installed;

n.  Failing to monitor and/or regulate its drivers' actions regarding traffic violations;

o.  Failing to monitor and/or regulate its drivers' actions regarding hours-of-service violations;

p.  Failing to monitor and/or regulate its drivers' actions regarding distracted driving incidents;

q.  Failing to monitor and/or regulate its drivers' actions regarding the improper use of cellular devices while driving

r.  Failing to remedy known violations of trucking industry safety standards;

s.  Acting with a conscious disregard for the rights and safety of Plaintiffs

71.  As a result of the above-stated acts and omissions, Plaintiff Celine Weinstein suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Celine Weinstein hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from Defendant Advantage Concrete Services, LLC, in an amount in excess of $150,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

Respectfully submitted,

**Morgan & Morgan Philadelphia, PLLC**

By:  */s/ Matthew R. Magid, Esq.*
Matthew R. Magid, Esq. // ID No. 332292
2005 Market Street, Suite 350
Philadelphia, PA 19103
(445) 201-8559
(445) 201-8659 (FAX)
mmagid@forthepeople.com